**HARE & CHASE, Inc., et al. v. DUNTON.**
(No. 10286.)

Court of Civil Appeals of Texas. Dallas.
April 7, 1928.

Rehearing Denied May 5, 1928.

1. **Receivers ☞3—Receiver is created only as auxiliary to some ultimate relief for which action will lie.**

A receiver is created by the court only as auxiliary to some ultimate relief for which an action will lie, and is not an end within itself

2. **Corporations ☞557(2)—Allegations as to formation of corporations for fraudulently transferring assets of debtor corporation held not to authorize appointment of receiver for such transferee corporations.**

In suit for appointment of receiver for several defendant corporations, based on sums alleged to be due plaintiff by one of corporations for services as liquidating agent, mere allegations that corporations other than debtor corporation were formed for purpose of transferring its assets from one to another, without directly alleging that any assets were thus transferred, *held* not to assert a cause of action against such other corporations authorizing appointment of receiver for them.

3. **Receivers ☞32—Allegations in suit for appointment of receiver held mere statements of conclusions insufficient to warrant appointment.**

In suit for appointment of receiver, based on sums alleged to be due for services as liquidating agent, allegations that if plaintiff were permitted to continue to collect outstanding claims he would earn and be entitled to certain sum *held* but statements of conclusions and insufficient to authorize appointment of receiver.

4. **Receivers ☞12—Alleged commission contract of liquidating agent held not to vest agent with equitable interest or lien upon assets of corporation, authorizing appointment of receiver.**

Allegations in complaint by liquidating agent for appointment of receiver, that if permitted to continue to collect outstanding claims under alleged commission contract he would earn and be entitled to a certain sum, *held* not to show that plaintiff was vested with an equitable interest or obtained an equitable lien upon the assets of the corporation, authorizing appointment of receiver.

5. **Master and servant ☞82(2)—Statute giving employees lien for wages held not to protect liquidating or collecting agent (Rev. St. 1925, art. 5483).**

Rev. St. 1925, art. 5483, giving certain employees liens on products, machinery, tools, etc., to secure payment of wages, does not protect one seeking recovery for services performed as liquidating or collecting agent.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Suit by H. F. Dunton against Hare & Chase, Inc., and others wherein the appointment of a receiver was prayed for. From order appointing a receiver, defendants appeal. Reversed and rendered.

Turner & Rodgers and C. R. Winn, all of Dallas, for appellants.

Eugene De Gogory, of Dallas, for appellee.

LOONEY, J. H. F. Dunton, appellee, brought suit against Hare & Chase, Inc., the Keystone Credit Corporation, the United States Acceptance Corporation, foreign corporations with home offices in Philadelphia, Pa., Hare & Chase of Texas, Hare & Chase

of Corpus Christi, and Hare & Chase of Wichita Falls, Delaware corporations. Excluding all irrelevant and immaterial matter, plaintiff's cause of action against Hare & Chase, Inc., is alleged to be that:

"On or about the 12th day of March, 1926, this plaintiff made an agreement with Hare & Chase, Inc., and the representative of some of the liquidating agents employed by Hare & Chase, Inc., to liquify the business of Hare & Chase, Inc., in Texas, Louisiana, and Oklahoma, and collect the outstanding notes and accounts of said concern for an agreed percentage of 7 per cent. * * * This plaintiff would out of said commission be allowed a drawing account of $625 per month. * * * Shortly after said contract was entered into, however, Hare & Chase, Inc., and its successors, the other defendants named herein, * * * threatened to discharge this plaintiff unless he would waive his earnings that would accrue by reason of the 7 per cent. arrangement and accept a salary of $433.33 per month, and then proposed a payment of $500 per month, and this sum is the only sum that has ever been paid this plaintiff, with the exception of $3,050 allowed him on the 7 per cent. item, and now, although the defendants have no complaint as to the services rendered by this plaintiff, * * * have notified this plaintiff that, although there is only a small sum of money yet outstanding, he deliver up to the defendants all the papers, records, money on hand, and other properties, and that they will complete the liquidation; that this action of the defendants is nothing but a scheme to prevent this plaintiff from establishing a full and clear claim to his 7 per cent. commission which the plaintiff here now alleges to be, to the best of his knowledge and belief, if the remaining money outstanding be collected in as diligent a manner as he would exercise in handling said collection, that said 7 per cent. would total $10,000, which said $10,000 would be the property of this plaintiff if so collected; that at this time there is very little, if any, property in Texas in excess of said amount, there being approximately $11,000 worth of notes uncollected; there is a small piece of real estate of the probable value of $2,500, and a secondhand automobile of the value of $500 or less, and some office furniture worth about $500.

"That the defendants now have a representative sent here from their home office, to wit, Philadelphia, Pa., a Mr. G. Lewis Schaffer, with the express and avowed purpose of removing all the assets of the said defendants outside the state and relieving this plaintiff from any further duties to be performed with reference thereto. That this plaintiff would have no adequate remedy at law when said property is removed because it is really the property of this plaintiff under the 7 per cent, arrangement and the removal by the insolvent concern would not only destroy the lien that this plaintiff has by reason of his work with said property, said lien being an equitable lien by reason of said property being the product of his effort and being in truth and in fact legally vested in this plaintiff by reason of said contract, and plaintiff further claims a lien by reason of article 5483, R. S. 1925 of the state of Texas."

Plaintiff brought the other corporations into the suit on the allegations that:

"The other corporations named herein, excepting the Texas corporation, were formed for the purpose of transferring the assets of Hare & Chase, Inc., from one to the other in a manner unknown to this plaintiff, but this plaintiff charges that the purpose of said transfer was to put the assets of Hare & Chase, Inc., beyond the reach of the creditors of Hare & Chase, Inc., or the persons entitled to said assets, or at least to hinder and delay such persons entitled to said assets.

"Wherefore plaintiff prays that a receiver be appointed for the property situated in Texas of the above-named defendants, and that said property be subjected to the satisfaction of this plaintiff's demands herein set forth, and that proper notices issue to all of said defendants of the act of this court, and that he have such other and further relief, both in law and in equity, that he may be justly entitled to."

On an ex parte hearing March 2, 1928, the court appointed a receiver, authorized him, upon giving bond as required by law, to take possession of all office furniture, fixtures, properties, appliances, books, accounts, and other choses in action belonging to the business know as "Hare & Chase, Inc.," and of the other defendants wherever located in Texas, to collect all moneys due Hare & Chase, Inc., et al. growing out of said business, whether payable to Hare & Chase, Inc., or the other defendants, and to hold the funds subject to the future orders of the court, and defendants, their officers, agents and representatives, were ordered and directed to immediately turn over all cash and properties of said defendants to the receiver. From this order the defendants have appealed.

By appropriate assignments and propositions, appellants challenge the correctness of the judgment appealed from.

It is apparent that plaintiff made no serious attempt to allege a cause of action against either defendant, except Hare & Chase, Inc. The allegation that the other corporations were formed for the purpose of transferring assets of Hare & Chase, Inc., from one to another, with intent to defraud creditors and to place same beyond the reach of persons entitled thereto, are pointless, in that it is not shown whether this was before or after plaintiff entered into the contract with Hare & Chase, Inc., nor is it shown what, if any, assets were transferred to either corporations, nor that plaintiff was at the time a creditor of Hare & Chase, Inc., or owned any interest in the property so transferred—in fact, there is no direct allegation that any asset of Hare & Chase, Inc., was transferred to either of these corporations. Besides, if such had been shown, it would not have justified the placing of the alleged fraudulent transferees in the hands of a receiver.

[1] A receivership is created by the court only as auxiliary to some ultimate relief for

which an action will lie, and is not an end within itself.

[2] As plaintiff asserted no cause of action whatever against the other five corporations, there was no basis for the appointment of a receiver; hence the action of the court in so doing was clearly erroneous. Style v. Lantrip (Tex. Civ. App.) 171 S. W. 786; Houston & B. V. R. Co. v. Hughes (Tex. Civ. App.) 182 S. W. 23; Kokernot v. Roos (Tex. Civ. App.) 189 S. W. 505; Hodges Drilling Co. v. Tyler (Tex. Civ. App.) 233 S. W. 548.

[3] The contentions of appellee, evidently sustained by the court, are that, by virtue of the 7 per cent. commission contract with Hare & Chase, Inc., he obtained an equitable title to an undivided portion of the accounts, notes, choses in action, and other things intrusted to him; that he had an equitable lien on these assets to secure the payment of whatever amount that might be due and owing him under the contract, and further, that he was protected by the lien given by article 5483, Revised Statutes 1925.

In the first place, it appears from plaintiff's allegations that the original contract, under which he was to receive a commission of 7 per cent. of collections, was changed, under stress of the circumstances alleged by him, but changed, nevertheless, by his acquiescence, to an agreement under which he received for his services a salary of $500 per month. Plaintiff makes no claim for unpaid salary—in fact, it is inferable from his allegations that he received all commissions due and all salary earned, his claim being that, if permitted to continue to collect outstanding claims under the commission contract, he would earn and be entitled to the sum of $10,000. This is the nearest approach to an allegation of any amount due or that would become due him under his employment, but no facts are alleged as a basis for the assumption that he could or would earn that amount.

These are but statements of conclusions and cannot dispense with the necessity for specific allegations from which such conclusions may be deduced. Whatley v. Gust (Tex. Civ. App.) 294 S. W. 245.

[4] But passing this phase of the case, we find nothing, in the nature of the contract alleged, from which it can be deduced that plaintiff was vested with an equitable interest in, or obtained an equitable lien upon, the assets of Hare & Chase, Inc. Patterson v. Citizens' National Bank (Tex. Civ. App.) 236 S. W. 130.

[5] The contention of appellee that he is protected by the provisions of article 5483, Revised Statutes 1925, is equally untenable. This statute was not intended to protect, indiscriminately, all employees, but only certain classes who, for wages, labor or perform services in an office, store, hotel, shop, factory, mine, quarry, or mill of any char-

acter, etc. Plaintiff, as liquidating or collecting agent, belonged to neither class mentioned in the statute. Lindale Brick Co. v. Smith, 54 Tex. Civ. App. 297, 118 S. W. 568; Bush, etc., Co. v. Eastwood, 62 Tex. Civ. App. 473, 132 S. W. 389. It seems from plaintiff's allegations that his cause of action against Hare & Chase, Inc., if any he has—in regard to which we express no opinion—is one for damages for the breach of the alleged contract of employment.

A safe rule to follow, in considering applications for the appointment of receivers, especially on ex parte hearings, was announced by the court in People's Inv. Co. v. Crawford (Tex. Civ. App.) 45 S. W. 738, 740, as follows:

"The power to appoint a receiver, especially of a corporation, will not be exercised, except upon a very grave necessity, and upon a clear showing that the applicant's rights imperatively demand the appointment, and that without it he has no adequate remedy, and is in danger of suffering irreparable loss" (citing numerous authorities).

We therefore sustain the contention of appellants; the judgment of the trial court is reversed, the receivership vacated, and the receiver will be discharged when he shall have rendered to the court below an account of his stewardship and restored to the custody from whence he received properties taken possession of under the appointment, together with the proceeds of all collections, subject to such equities in favor of the receiver for reimbursement for reasonable expenses, if any, actually and necessarily incurred in making collections, and for reasonable compensation for services incident thereto. This order will be certified to the trial court for its observance.

Reversed and rendered.