## MAGNOLIA PETROLEUM CO. v. PARR.

### No. 9385.

Court of Civil Appeals of Texas. San Antonio.

Nov. 29, 1933.

Rehearing Denied Jan. 3, 1934.

W. H. Francis and Walace Hawkins, both of Dallas, and Perkins & Floyd, of Alice, for appellant.

Claude Pollard, of Austin, and Lloyd & Lloyd, of Alice, for appellee.

FLY, Chief Justice.

This is an action instituted by appellee in trespass to try title to 8.47 acres of land, de-

scribed by metes and bounds, and also for the appointment of a receiver to take charge of said land during the pendency of the suit. The cause was heard by the court on the question of the appointment of a receiver, and an order was granted appointing the receiver. From that interlocutory order this appeal has been perfected by the Magnolia Petroleum Company.

The only question for decision in this case is: Was the receivership properly granted under the allegations and the proof offered in the lower court?

There being no judgment as to the title to the land, that question will not be considered unless it should be necessary to so consider it as an incident to the appointment of a receiver.

Appellee, upon whom the burden rests to establish title to the land, placed in evidence his only muniment of title, a deed to him from Miguel Ruiz. In this deed it is recited: "This land is enclosed in the field notes of the Patent awarded to Anastacio Nunez by the State of Texas, in the award of the S. one-fourth (S. 1/4) of Section 574, Certificate 1/451, B. S. & F. about 25 miles N. 86 W. from the County Site, and is an excess of the 160 acres awarded to him but said land has been enclosed by Miguel Ruiz's fence and claimed by Miguel Ruiz for the last 12 years or more."

There is no other evidence in the record tending to show that the title to the 8.47 acres of land was held by Miguel Ruiz except the recited fact in his deed to appellee that the land was included within the field notes in the patent given by the state of Texas. If Ruiz did not obtain title to the land in a patent given by the state of Texas to 160 acres of section 574, then he is not shown to have any title whatever, and consequently attempted to sell to appellee a tract of land to which he had no title whatever. In that event appellee has failed to show any title whatever in himself to the land, which he shows was sold to him by Ruiz and described as being in the patent but being in excess of what was intended to be conveyed by the state.

Even if the land had been shown to have been the property of appellee, he had not, at the time that he sought the appointment of a receiver, obtained a permit which gave him authority to take oil or any other mineral from the land. It is true that in 1932 he had applied to the railroad commission for a permit to take minerals from the land in controversy, but had held up the application until September, 1933, when the permit was granted, without the knowledge of appellant. Appellant applied to the commission for a rehearing of the question of granting a permit to appellee, and that application was pending before the commission at the time the receivership was sought. Appellee had not actually obtained the permit, but only had an order granting it which was held up by the application for rehearing on the part of appellant. The receivership could have had no foundation except the conservation and protection of the rights of appellee in the land in controversy.

In order to justify the appointment of a receiver, it would certainly be necessary for appellee to show at least probable title in himself, and this he has failed to do. It follows that appellee had no right to obtain a receivership, and the interlocutory order of the court granting such receivership is reversed, and the appointment of a receiver is hereby denied.