WADSWORTH v. COLE et al.

No. 4974.

Court of Civil Appeals of Texas.

El Paso.

Feb. 17, 1954.

Rehearing Denied March 10, 1954.

---

W. S. Barron, Jr., and C. C. Renfro, Dallas, for appellant.

Charles Romick, Dallas, for appellees.

HAMILTON, Chief Justice.

This is an appeal from an order of the judge of the 68th District Court, Dallas County, appointing a receiver to take charge of two certain pieces of real estate located on Haskell Avenue in the city of Dallas, one piece of real estate being an apartment house and the other being a fill-ing station. The defendant, Vicki Wadsworth, appellant herein, was the only defendant to except to the order appointing the receiver. She gave notice of appeal, perfected the appeal and filed supersedeas bond, and the appointment is now in this court for review.

Legal title to both pieces of real estate over which the trial court appointed a receiver had been in the estate of Robert C. Scripture, deceased, who died intestate in 1935. The administration of his estate was obtained by W. H. Wadsworth in August 1935. Legal title now stands in the name of Vicki Wadsworth, appellant, the divorced wife of W. H. Wadsworth, the former administrator. The application for the appointment of the receiver was ancillary to a suit filed by Mildred Scripture Cole, joined by her husband, F. R. Cole, as devisee under the will of Lillian Scripture Brown, deceased, who was sole heir of Robert C. Scripture, deceased. The defendants in such suit were W. H. Wadsworth, Vicki Wadsworth and W. I. Wernley. In such suit Mildred Scripture Cole sought to impress a trust on the properties involved in favor of the estate of Robert C. Scripture, deceased. She also sought to have the legal title to said property to be decreed to be in the estate of Robert C. Scripture free from any liens or encumbrances whatsoever, and to recover all rents and revenues received from the property by the defendants. Appellee Charles Romick was made party plaintiff, he having received a conveyance of an undivided one-half interest in and to said estate from appellee Mildred Scripture Cole. Upon a hearing before the trial court it was developed that the estate taken over by W. H. Wadsworth as administrator consisted principally of four tracts of land, one known as the apartment house, one as the filling station, one as the "Stand" and the other as undeveloped river land. The first three tracts were income bearing, while the river land was not. Indebtedness owed by said estate was something over $9,000, some of which was secured and some of which was not secured.

By deed dated February 1936 W. H. Wadsworth, Administrator, by order of the

Probate Court conveyed the property known as the apartment house to the Mortgage Bond Company in New York, in consideration of the cancellation of debt and mortgage against the property. The property was subsequently conveyed to the Southwall Corporation, which in turn conveyed the property to James A. Smith. By deed dated May 1, 1941, James A. Smith, et ux., conveyed said apartment house to appellant Vicki Wadsworth, then the wife of said administrator, for a total consideration of $5,800, the deed reciting $400 paid in cash out of the separate funds of the vendee, Vicki Wadsworth. Pursuant to the order of the Probate Court Administrator W. H. Wadsworth by administrator's deed dated September 15, 1936, conveyed the filling station property to Donald A. Brim for a recited consideration of $6,000, $3,000 in cash and $3,000 by assumption of an existing debt and mortgage. By deed dated December 29, 1943, the said Donald A. Brim conveyed said property to appellant Vicki Wadsworth for a consideration of $6,250, the deed reciting $500 paid in cash out of the separate funds of Vicki Wadsworth.

On November 16, 1951, appellee Mildred Scripture Cole, joined by her husband, filed an amended motion in the Probate Court asking that W. H. Wadsworth be removed as administrator, in which motion she alleged various acts of misconduct in the handling of the estate of Robert C. Scripture. By order of the court dated February 18, 1952, W. H. Wadsworth was removed as administrator and Mildred Scripture Cole was appointed Administratrix. In the order of removal the probate court found W. H. Wadsworth failed to file any annual exhibits between the years 1937 and 1952; that he failed to make final settlement of the estate within three years from date letters were granted; that he failed to pay taxes when due, though he had money of the estate on hand; that he failed to pay approved claims against the estate though he had money of the estate on hand; that he conveyed property of the estate known as the "stand" to W. I. Wernley without an order of the court and without consid-

eration; that he quitclaimed under protest to his wife Vicki Wadsworth in a divorce property settlement the property known as the "stand"; that he was guilty of gross neglect and mismanagement in the performance of his duties as administrator. The order of removal also provided that all moneys and property of the estate be turned over to Mildred Scripture Cole, and that a final account be filed by the said W. H. Wadsworth, and that any penalty and interest on the delinquent taxes accruing against the estate since 1936 and any interest accruing on unpaid claims must be charged against the administrator. What was designated as a final report or exhibit dated March 17, 1952 and filed August 26, 1952, by W. H. Wadsworth, purported to show all receipts of moneys and all disbursements of moneys for debts and expenses since the filing of his last annual report in 1937. His final report showed cash on hand in the amount of $4,836.02, after deducting all commissions allowed administrator by law. The final account of Mildred Scripture Cole filed April 1952 shows she received from W. H. Wadsworth the sum of $5,106.19.

The deeds from W. H. Wadsworth to W. I. Wernley and from W. H. Wadsworth to Vicki Wadsworth mentioned above were set aside in the order of removal and such property is not involved in this appeal.

In order to be entitled to the appointment of a receiver over the properties in question it was necessary that appellees show first that they had a probable interest in the property. 36 Tex.Jur., 59, 60, § 26; Magnolia Petroleum Co. v. Parr, Tex.Civ. App., 66 S.W.2d 378; Morris v. Thompson, Tex.Civ.App., 61 S.W.2d 523–525.

In the trial court the appellees in order to show a probable interest sought to impress a trust upon the properties in question upon three grounds: First, that the property was purchased with estate funds; second, that the properties were purchased with co-mingled funds of W. H. Wadsworth and the estate, and third, that W. H.

Wadsworth indirectly purchased the property from the estate while he was administrator, in violation of Art. 3579 R.C.S. We do not think the trial court based its order appointing the receiver on either of the first two propositions, because we do not find any evidence in the record to support either. Plaintiffs attempt to establish the first two propositions on the testimony of W. H. Wadsworth and appellant Vicki Wadsworth. Both testified positively that none of the estate funds were used in the purchase of the property in question, and that none of the estate funds were comingled with the community estate of the two; furthermore, from the evidence introduced in this case all of the money received by the administrator for sale of the property and from rents on the estate property was fully accounted for. It will be noted that in the order of the probate court removing W. H. Wadsworth as administrator, misapplication of the estate funds was not one of the reasons given for such removal, though the application for removal alleged the misapplication of funds. In order for these properties to be impressed with a trust on the first two grounds mentioned above it is necessary for appellees to trace estate funds or co-mingled funds of Wadsworth and the estate into the purchase of the properties in question. 42 Tex.Jur. 698, 699; Blumenthal v. Nussbaum, Tex.Civ.App., 195 S.W. 275, 282. This has not been done. Therefore, neither of appellees' first two propositions can form the basis of the trial court's order appointing the receiver.

■■ Appellees' third proposition that these properties are impressed with a trust because W. H. Wadsworth indirectly purchased them from the estate while he was administrator poses a different problem. It is well established that when a husband or wife acquires property it is presumed that it is community property. Appellant Vicki Wadsworth having acquired the property in question during marriage with W. H. Wadsworth it is presumed that he became a purchaser of the property while he was administrator, although this presumption is rebuttable, and there was some testimony to

the effect that down payment was made on these properties out of the separate funds of appellant, the trial court evidently was not satisfied that such testimony was sufficiently strong to overcome the presumption. We therefore, for the purpose of this opinion, will consider that W. H. Wadsworth did acquire the properties while he was administrator of the estate.

■ Art. 3579 R.C.S. upon which appellees rely to establish their third proposition provides as follows:

"No executor or administrator shall buy the estate of his testator or intestate, or any part thereof, at its appraised value, or become the purchaser, either directly or indirectly of any property of the estate sold by him. If an executor or administrator should either directly or indirectly become the purchaser of any of the property of this testator or intestate, at a sale made by him or his co-executor or co-administrator, upon the written complaint of any person interested in the estate, and service of citation upon any such executor or administrator, and, upon proof of such complaint, such sale shall be declared void by the county judge, and such executor or administrator decreed to hold the property so purchased in trust as assets of the estate, and an order to that effect shall be entered upon the minutes. Id."

Certainly if appellee had filed a written complaint in the probate court, had the administrator cited and made proof of such complaint, the County Judge could have decreed the property so purchased to be held in trust by the administrator as assets of the estate, and the only proof necessary under such complaint is merely to show that title to property which had been sold by the administrator came into the administrator while he was acting as such. The appellees did not make any attack whatsoever on the sale of these two pieces of property in the probate court, but now they come into the District Court and ask that court, a court of equity, to grant them the same relief that the statute provided for them in the

probate court. It seems to be the general rule of law in Texas that in situations like this it is not only necessary to prove that the administrator may have acquired this property from intervening purchasers, but it must be proven that some conduct amounting to intrinsic fraud was present in connection with the transactions. McCabe v. Cambiano, Tex.Civ.App., 212 S.W.2d 237; Dilbeck v. Blackwell, Tex.Civ.App., 126 S.W.2d 760, 1, 2, 3, 4; Johnson v. Stephens, 121 Tex. 374, 49 S.W.2d 431, 436. In this case there is no fraud shown or attempted to be shown in connection with the sale by the administrator of either piece of property. So far as the record shows the intervening purchasers of the property were good faith purchasers. Inadequacy of consideration is not shown, and no collusion between the intervening purchasers and administrator is shown, and consequently we must hold that the appellees have failed to discharge the burden, which was theirs, to show that the property in question was purchased by W. H. Wadsworth indirectly from the estate at the administrator's sale.

We therefore conclude that since there is no evidence in the record tracing any estate funds into the purchase of the properties in question, and since there is no intrinsic fraud shown in connection with the sale by the administrator of the properties and subsequent purchase of them by him while he was administrator, no trust can be impressed upon said properties. Failing to impress a trust upon the properties the appellees have failed to show such probable interest in and to the properties as would authorize the appointment of a receiver.

The last point involved in this case is whether it is shown the property in question is in danger of being lost, removed, or materially injured. We think the appellees have wholly failed in establishing this as there is no evidence in the record of threats of appellant to convey such property to innocent purchasers; no evidence of the property being injured, nor is there any evidence that appellant cannot be made to account for rents collected during the pendency of this suit. The appointment of a receiver is a harsh remedy, and should not be resorted to unless there is no other remedy. In this case it seems that a simple filing of a lis pendens notice would give all the protection which appellees may need. Supervend Corp. v. Jones, Tex.Civ.App., 235 S.W.2d 707–710; Joy v. Joy, Tex.Civ.App., 153 S.W.2d 180; Gilmer v. Ferguson, Tex.Civ.App., 148 S.W.2d 984; Duncan v. Thompson, 25 S.W.2d 634, 636.

The order of the trial court appointing a receiver is set aside and the receivership vacated.