Mildred Scripture COLE et al., Appellants,

v.

W. H. WADSWORTH et al., Appellees.

No. 3453.

Court of Civil Appeals of Texas.

Eastland.

June 12, 1959.

Rehearing Denied Sept. 4, 1959.

Charles Romick, Dallas, for appellants.

Renfro & Johnson, William Andress, Jr., Dallas, for appellees.

GRISSOM, Chief Justice.

Mildred Scripture Cole, sole devisee of Lillian Scripture Brown, deceased, brought this suit against W. H. Wadsworth, former administrator of the Lillian Scripture Brown estate, and his ex-wife, Vicki Wadsworth, to impress a trust upon certain property in the possession of Mrs. Wadsworth. The issues as to certain property were severed and, as to property known as "the stand", the defendants "quitclaimed" to the estate and the case was actually tried as to only two pieces of property referred to as the filling station and the duplex. The duplex was never owned by the estate and the court, concluding the evidence was insufficient to trace estate funds into its purchase by Vicki Wadsworth, instructed a verdict as to it. Issues relative to the filling station were submitted to a jury which found that (1) Vicki Wadsworth purchased the filling station as community property and that (2) when W. H. Wadsworth, administrator, conveyed the filling station to Brin there was no agreement that Wadsworth would repurchase it. Based upon said answers, the court rendered judgment denying plaintiff the right to impress a trust on the filling station. It also rendered a like judgment as to the duplex. Mrs. Cole and her counsel, to whom she has conveyed half of her interest in said property, have appealed.

W. H. Wadsworth was appointed administrator of the Scripture estate in 1935. In July, 1936, he made an application to the probate court for permission to sell the filling station. It was mortgaged to secure a balance of $3,500 and interest owing on a note. This note was payable at the rate of $50 per month. In the application to sell Wadsworth alleged that the monthly rent had been assigned to the lien holder and that the rent was insufficient to pay the monthly installments on the note, taxes, etc., and that it was necessary to sell the station. In July, 1936, said administrator reported to the probate court that he had sold the station to Brin for $6,000, $3,000 cash and assumption of the unpaid balance of said note. On December 29, 1943, Brin conveyed the filling station to Mrs. Wadsworth as her "separate" estate. The deed recited a consideration of $500 cash and a note for $5,750, payable $60 per month, and that the note was executed by Vicki Wadsworth joined "pro forma" by her husband. The Wadsworths were divorced in January, 1951. In the disposition of property in the divorce case Mrs. Wadsworth was awarded the filling station and the duplex and also "the stand". The stand was admittedly conveyed by W. H. Wadsworth, as administrator, to his employee without consideration and without approval of the probate court. He testified in a former hearing that it was not intended as a sale, but that his employee had to appear to own some property in order to engage in a certain business and that he made a pretended conveyance to him for that purpose. Nevertheless, said bogus grantee reconveyed the "stand" and it found its way into the possession of Vicki Wadsworth. At the beginning of this trial defendants disclaimed as to the stand and Vicki Wadsworth reconveyed it to the estate.

■ Despite numerous acts of mismanagement by the administrator and the evident ability of his ex-wife to obtain title to property of the estate, conveyed by her husband-administrator under dubious circumstances, the duplex was never owned by the estate and, although neither of the Wadsworths was shown to have been possessed of very substantial means, Mrs. Wadsworth testified she purchased the duplex without any cash payment and paid for it out of rent. There was no evidence to the contrary. Since the duplex was never owned by the estate and the evidence failed to trace estate funds into it, the judgment cannot be disturbed as to it.

■ The filling station was conveyed by Wadsworth, administrator, to Brin in 1936. Brin conveyed it to Vicki Wadsworth more than seven years later. She testified she paid $500 in cash and that the note for the balance of the purchase price

was paid for by rent from the filling station. Both as to the filling station and the duplex, if her testimony is false, certainly some evidence could have been produced relative to the income from said properties. She said she took the $500 in cash out of an iron box in her house. She then had money on deposit in the bank. We find no evidence indicating that it necessarily came from the estate. It merely raised a suspicion that it might have belonged to the estate. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059. She testified that for years she had been receiving an income from the sale of cosmetics and that she saved money from funds given her by her husband for household expenses. It is evident that the money she accounted for was not her separate property. It was community property and the jury correctly found that she purchased the filling station as community property, but, the case as to the filling station rests on issue 2, which inquired whether it was agreed that Wadsworth would repurchase the filling station from Brin. The jury found there was no such agreement.

Appellant requested the submission of an issue as to whether Vicki Wadsworth purchased the filling station with her money commingled with funds of the estate, placing the burden on Mrs. Wadsworth to establish that she did not purchase the filling station with commingled funds. Appellant contends that the burden of proof in this case was on appellees. This idea seems to have been derived from opinions which hold that when it has been established that an administrator has purchased property with his funds commingled with funds of the estate that the administrator then has the burden of showing what portion is his and if he does not then the entire property so purchased will be awarded to the estate; but, this rule has no application until it is established that there has been such commingling. Mooers v. Richardson Petro-

leum Co., 146 Tex. 174, 204 S.W.2d 606, 608. The burden of proof was on appellants. Spencer v. Pettit, Tex.Com.App., 2 S.W.2d 422, 424, and Tex.Com.App., 34 S.W.2d 798, 800. The evidence does not conclusively show commingling of funds and no such issue was submitted or requested.

As to the filling station, appellant had the burden of establishing by a preponderance of the evidence, first, that the administrator was the real purchaser at his own sale and, second, that there was extrinsic fraud in the transaction. These elements were not established conclusively and the jury finding on the issue submitted, that when the administrator sold the filling station to Brin there was no agreement that the administrator would repurchase it, together with the presumed findings of the court, are, in effect, findings to the contrary. Under Article 3579, now Probate Code Sec. 352, V.A.T.S., appellant might have recovered the filling station by a proceeding in the Probate Court upon proof alone that the administrator was indirectly the purchaser at his own sale. But, in this equitable proceeding in the District Court appellant had the additional burden of establishing extrinsic fraud in the sale. She did not establish fraud conclusively and said jury finding is to the contrary. See Dilbeck v. Blackwell, Tex.Civ.App., 126 S.W.2d 760 (Writ Ref.); Johnston v. Stephens, 121 Tex. 374, 49 S.W.2d 431; McCabe v. Cambiano, Tex.Civ.App., 212 S.W.2d 237 and Wadsworth v. Cole, Tex. Civ.App., 265 S.W.2d 628.

Appellant presents many points relative to the admission or failure to admit evidence. They are confusing because of the former judgment in this case and the judgment of the probate court. We have carefully considered all of appellants' points. We are constrained to hold that reversible error is not shown. The judgment is affirmed.