## MASSAD v. WILSON et al.
### No. 4959.

Court of Civil Appeals of Texas. Texarkana.
April 25, 1935.

Saye & Saye, of Longview, for appellant.

McEntire, James & Shank, of Tyler, and C. H. Machen, of Dallas, for appellees.

JOHNSON, Chief Justice.

This appeal is from an interlocutory order, entered after notice and hearing, appointing a receiver of all the oil and gas mineral interests in 2.2 acres of land and the oil well thereon, and all property used in connection therewith. Appellees' suit, to which the receivership is ancillary, seeks an accounting and a recovery of appellant for appellees' alleged undivided interest in large quantities of oil heretofore produced and now being produced and secretly disposed of and converted by appellant from the well. Twelve of the appellees claimed to own, in separate proportions stated in the petition, the 1/8 royalty. The remaining four appellees claimed to own, in separate proportions stated in the petition, an oil payment contracted against the original leasehold in the sum of $142,835, payable out of 7/32 of the oil produced from 40.81 acres of the original 50 acres covered by the lease. The petition alleges that appellant owns and operates the oil and gas lease covering the 2.2 acres of land; that on June 12, 1934, appellant completed a producing oil well upon said tract of land; that the well has been producing large quantities of oil since its completion, the exact amount of which is not known to appellees, but is known to appellant, and is at least 500,000 barrels, of the value of $500,000, of which appellees' portion is $112,793.05; that appellees, though they have put forth every reasonable effort to do so, have not been able to learn what disposition has been made of the oil; that they have not been paid for or accounted to for any portion of it; that they have never been furnished with any character of statement or any information of the amount of oil produced from the property, or the disposition made of it; that without the knowledge or consent of appellees, or either of them, said oil has been run, sold, converted, and placed beyond the reach of the process of this court and to places unknown to appellees; that during the time said well has been producing appellant has been using "bypasses" in running the oil to conceal the amount produced without its being gauged or a record made thereof, for the purpose and with the intent to cheat and defraud the appellees of their portion of the oil; that in order to prevent appellees being deprived of their portion of the oil there is an imperative necessity for the immediate appointment of a receiver to operate the property during the pendency of this suit and until a trial can be had upon the merits. The petition is sworn to.

Appellant's answer generally demurs to appellees' petition, for reasons asserted, that it did not state facts sufficient to constitute a cause of action against appellant

and because it did not allege any facts warranting in law or in equity the appointment of a receiver. Appellant specially excepted to the petition, asserting that it showed upon its face that appellees were only common creditors of appellant, suing upon an unliquidated demand, and because the application for receiver showed upon its face that appelles had an adequate remedy at law. The answer categorically denied each and every fact alleged by appellees, except the fact that he had operated the property, which he alleged he had operated in accordance with the terms of the lease and was ready to account to appellees for their proportion of the oil produced, if and when they were able to establish their title thereto. The answer was sworn to.

The Arrow Refining Company was made a party defendant and cited to appear, but filed no answer.

■ Appellant's first proposition asserts, in substance, that appellees are merely unsecured creditors and, as such, are not entitled to appointment of a receiver of the property against which they have no lien. So far as it asserts a proposition of law, the contention is correct. Generally, the appointment of a receiver in a suit by a simple creditor, without a lien, is not authorized in equity or by our statute, article 2293 (Rev. St. 1925), directly determined in Shannon v. Harper (Tex. Civ. App.) 22 S.W.(2d) 336; 36 Tex. Jur. § 15, p. 38. But appellees' claims are more than that of a simple creditor without a lien. They claim to own undivided interests in the property and the oil being produced therefrom. They introduced their title papers showing, at least prima facie, that they owned the alleged oil payment and most of the royalty. This evidence was not in any way upon the hearing controverted, except that appellant introduced in evidence a certified copy of plaintiffs' petition in a suit styled A. B. Cooper et al. v. H. H. Weinert et al., wherein an action of trespass to try title is pending in the district court of Rusk county against the interests here claimed by Albert and Alex Woldert, each of whom claim .003906 in the 1/8 royalty. The fact that these two small interests were involved in another pending suit would not affect the undisputed interests or rights of the remaining appellees.

Appellant's second proposition asserts that: "It does not appear from the rec-ord that plaintiffs' property is in danger of being lost, damaged, injured, or destroyed pending this litigation, therefore plaintiffs are not entitled to a receiver."

Appellees' application for appointment of the receiver in this case rests in legal support upon subdivision 1 of article 2293, R. S. 1925, providing:

"Receivers may be appointed by any judge of a court of competent jurisdiction of this State, in the following cases:

"1. In an action by a vendor to vacate a fraudulent purchase of property; or by a creditor to subject any property or fund to his claim; or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured."

■ Proof of appellees' interests in the property and of appellant's wrongful management of it in the past is not alone sufficient to authorize appointment of a receiver under the statute above quoted. The proof must further authorize a finding of the court from all the facts and circumstances in evidence that there presently exists actual danger of the property being "lost, removed or materially injured" unless a receiver is appointed.

■ From a careful examination of the facts, it is thought that findings of the court in effect as above expressed, implied in support of his order appointing the receiver, are authorized by the evidence in this case. The evidence, in substance, shows appellees' interest in the property; that appellant, as lessee, has since June 12, 1934, been operating the well capable of producing large quantities of oil from the property, during a part of which time it is shown he has operated "by-passes," a known device used for the purpose of secretly and unlawfully removing and disposing of the oil without its being gauged or properly accounted for; that he has never paid appellees for any of their portion of the oil; that they have never been furnished with a division order, or with any statement from appellant, or otherwise, showing the amount of oil runs or the disposition thereof; that one of the appellees has made visits to appellant's office in an attempt to secure information

concerning the oil runs from the property, which efforts were fruitless; that appellant has constructed with corrugated iron a structure over and around the well, and whether by use of by-passes or otherwise not known to appellees, appellant has continuously and is now removing the oil from the property in a manner, to places, and in quantities, unaccounted for to appellees; that appellees' attorney having made six or eight trips upon the property in an effort to gain information concerning the manner of its production was told by the man in charge of the well to get off the property; appellant' upon the hearing did not tender or offer any statement or information concerning the amount of oil which had been produced from the property, nor what disposition was being made of it, nor of the manner in which the well was presently being operated; nor did he offer access to his records, if any he has, though he was charged under oath of having secretly produced and disposed of the oil therefrom without in any wise accounting to appellees.

Appellant has cited in support of his contentions in this case the case of Turnbow v. Bishop, 71 S.W.(2d) 918, decided by this court. We think the careful examination of the Turnbow Case will reveal a state of facts much different from that here presented.

The judgment of the trial court will be affirmed.