**SUPERVEND CORP. v. JONES.**

No. 14260.

Court of Civil Appeals of Texas. Dallas.

Nov. 17, 1950.

Rehearing Denied Dec. 15, 1950.

708

Mays & Lea, of Dallas, and Rice, Waitz & Rice, of San Antonio, for appellant.

Johnson & Rembert, of Dallas, for appellee.

BOND, Chief Justice.

This is an appeal from an interlocutory order appointing a receiver on petition of the plaintiff B. J. Jones, in suit against M. M. Miller, Sr., and The Supervend Corpoation, defendants.

The suit is on a contract for commissions alleged to be due the plaintiff for procuring a buyer, ready, able, and willing to purchase all the assets of the corporation, consisting of soft-drink vending machines, tools, dies, materials, instruments for the construction and manufacture of said vending machines,

patents and patents pending, etc. (the corporate franchise and all of its stock are also involved), on terms satisfactory to the defendant Miller, acting for and on behalf of himself individually and as President of the Corporation. The corporate assets were valued by the plaintiff at $671,000; his unliquidated claim is for $50,000, being 5% of $100,000 of the valued properties, plus 2½% of $571,000, with 2½% of $20-per-machine royalty on all machines subsequently sold. The plaintiff contends that the defendant Supervend Corporation is insolvent, in that "it did not have sufficient assets to satisfy current demands against the company." Each of the defendants separately denied all of plaintiff's material allegations for the appointment of a receiver. On hearing of plaintiff's application, the trial court entered the order appointing the receiver to "* * take immediate possession of all of the assets of the corporation, and operate said properties to the best advantage, and to collect all of its assets, rents, revenues, income, royalties, franchises and any and all of its properties and that he pay the costs of operation and employ agents, servants, employees and attorneys to perform these services as he deems necessary, and that he cause all of the assets, rents, revenues, income, royalties, franchises and any and all of its properties, to be payable to him and to collect and impound same, and to contract for a suitable depository for said sums; * * *"; and required the receiver to execute a bond with good and sufficient sureties, in the sum of $1,000, for the faithful performance of his trust. A receiver was not appointed for the properties or assets of the defendant M. M. Miller, Sr., individually;—only for those of The Supervend Corporation, as above shown.

The plaintiff, in his application for a receiver, does not contend that the defendant Miller is insolvent or unable to respond to any judgment plaintiff may recover against him individually; and the evidence is uncontroverted that Miller is under contract to "be and continue liable for the discharge of all contract obligations of the aforesaid corporation" due and owing by it, and that Miller, in his own right, owns liquid assets

amply sufficient to pay and secure not only his own obligations but those of the corporation as well.

■■ In view of a subsequent trial of plaintiff's suit on the merits, we pretermit discussion of the evidence; suffice to say, we are of the opinion such evidence is insufficient to justify the exercise of the harsh remedy of appointing a receiver to take over all of the corporation's properties now under contract of sale—brought about by plaintiff's procurement. There is no evidence presented in this appeal that the corporation has been mismanaged, or that its properties have been wasted or commingled as to be beyond the reach of its creditors; or that its properties have been hidden or secreted, or that any of its properties are about to be so taken, hidden, or secreted in fraud of creditors. The mere fact that a creditor, or one having an unliquidated claim, fears, or has some apprehension that he will or may suffer the loss of his debt, or that he will be put to some inconvenience to collect his debt in the event of sale of the corporate properties, or that the debtor has not "sufficient assets to satisfy current demands," does not, in our opinion, justify the inevitable result of total destruction of the corporate concern by means of receivership. Especially so, where the applicant for the receiver is not required by law to enter into any security or bond to indemnify loss or damage that may result to the corporation by such action.

■■ The plaintiff does not contend that he has a lien on any property of the corporation, or that he is pecuniarily interested in any property or funds belonging to either of the defendants. At most, the plaintiff is merely a general creditor with an unliquidated demand on the corporation, and there is no fact alleged or proven which would make the assets of the corporation a trust fund for the payment of plaintiff's claim. "A receivership can never be properly granted at the instance of a general creditor of a corporation until the point has been reached in its affairs at which the trust-fund doctrine may be invoked by the creditors, and when that point is reached the statute applies." Brenton & McKay v. Peck, 39 Tex.Civ.App. 224, 87 S.W. 898;

902. We think Article 2293, Vernon's Ann. Civ.St., notwithstanding the broad terms in which it is couched, is not to be construed as applying to every case in which a creditor seeks to secure the satisfaction of a debt, or where there may be danger merely that the funds or property belonging to the creditor will be lost or destroyed in the ordinary run of business, unless it be clearly shown that the corporation has reached that point in its affairs as to indicate such results; otherwise, such construction would allow the appointment of a receiver in an ordinary action at law for the recovery of a debt.

■ Furthermore, the purchaser of all the assets of an individual, or corporation, in bulk, not in an ordinary sale, in the usual course of business, is liable for all claims or debts due and owing by the seller to the extent of the value of the properties sold. The only things shown in this record that affect the corporation or its properties, are these: It owes debts, among which is plaintiff's unliquidated claim; and it has entered into a contract with another corporation for the sale of its properties,— not yet fully consummated—and that, too (as plaintiff contends), brought about by his own action as the efficient and procuring cause of such sale. In this situation, we think the plaintiff is in no position to complain of the acts of the corporation thus done in furtherance of the sale of its properties. Manifestly, if the plaintiff brought about a situation in the affairs of the corporation, resulting in its insolvency, he is not entitled to have the corporate properties put into the hands of a receiver, appointed by the court and acting under its orders, to take over, manage, and control the corporation's affairs. On the other hand, if the plaintiff was not the procuring cause of the sale (which is a controverted issue in this suit), he certainly would not be entitled to his alleged commissions; thus not a creditor of the corporation as would permit him to put the corporate assets into the hands of a receiver. His claim being for commissions founded on such sale, we think his application for a receiver on statutory grounds of insolvency and under the rules and usages of equity perforce of such sale,

is characterized by a lack of consistency. The power to appoint a receiver should never be exercised except upon clear showing that the applicant's rights imperatively demand such appointment.

 In the case of Rex Refining Co., Inc. v. Morris, Tex.Civ.App., 72 S.W.2d 687, the plaintiff Morris sued on a general unsecured claim for an alleged breach of contract. This Court (opinion by Mr. Justice Looney) held that the appointment, whether the application is bottomed upon a statutory ground or upon the usages of courts of equity, is only authorized where it is necessary to preserve the subject matter of the litigation during the pendency of the suit. In Alworth et al. v. Morris et al., Tex.Civ. App., 19 S.W.2d 212, 214, Mr. Chief Justice Hickman (now Chief Justice of the Supreme Court), speaking for the Eastland Court of Civil Appeals, says: " * * * that the trial court is vested with discretion in the matter of the appointment of receivers (in equity). That, however, is not an unbridled discretion * * *." In Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co., 86 Tex. 143, 24 S.W. 16, 20, 22 L.R.A. 802, Chief Justice Stayton, for the Supreme Court says: " * * * in this state mere insolvency of a corporation has been made a ground for the appointment of a receiver, doubtless for the purpose of enforcing claims against the corporate property in behalf of creditors which could not be thus enforced without recognition of the fact that the property is, at least in a limited sense, a trust fund to which creditors have the right to resort * * *." The record evidence in this appeal shows that the corporation has a "Blank 1" Dunn & Bradstreet rating, with a large value in physical properties, and a healthy cash balance in the bank; that its creditors are well secured by written contract with M. M. Miller, Sr., who, the evidence shows, is solvent and able to respond to any claim which the plaintiff may be able to show is due him on a trial to the merits; and there is no evidence that the purchaser under the contract of sale, supra, is not financially able to meet the legal obligations for which the purchaser is liable by virtue of such sale. "It has been settled by numerous decisions of this

state that in order to show a sufficient ground for the receivership, equities must appear in behalf of the complainant which require their relief, independent of a showing that the corporation is insolvent." Floore et al. v. Morgan et al., Tex.Civ. App., 175 S.W. 737, 739.

In further support of our conclusion that a receiver should not have been appointed, such harsh radical remedy discredits, cripples, and, in the majority of instances, puts to an end any business or enterprise; and should never be applied unless some serious injury to the complainant will result in consequence of the handling of the property by the owner. In the case at bar, we are of the opinion no such condition is shown. Therefore a receiver was improvidently appointed; the order of the trial court appointing the receiver is set aside, and the receivership vacated.