**WHITSON CO., Inc. et al. v. BLUFF CREEK OIL CO., Inc. et al.**

No. 15416.

Court of Civil Appeals of Texas.
Fort Worth.

March 13, 1953.

Rehearing Denied April 17, 1953.

Hassell & Hassell, of Dallas, for appellants.

Robinson, Shipp, Robertson & Barnes, of Oklahoma City, Okl., Donald & Donald and T. B. Coffield, of Bowie, for appellees.

RENFRO, Justice.

This is an appeal from an order of the district court of Montague County appointing a receiver to take charge of certain personal property and equipment and to operate an oil well.

Suit was brought by Bluff Creek Oil Company, Inc. and R. H. Rucker, Jr., appellees herein, against Whitson Company, Inc. and O. W. R. Oil Co., Inc., appellants.

Two leases, referred to as Fenoglio and Nabours, respectively, were involved. Whitson Company had agreed to drill and equip a well on each lease, and to receive 15/16ths of 6/8ths of the proceeds from one and 15/16ths of 7/8ths from the other until certain enumerated expenses and accounts were paid. When the returns to the parties were "equalized," Whitson Company and Bluff Company were to own the leasehold estate in equal one-half shares. Two separate and distinct contracts, one for each well, were executed.

The appellees alleged that Whitson Company, by its method of operation, had "killed" the Fenoglio well, had wrongfully abandoned same, and removed and converted to its own use all the personal property and equipment from said lease. They sued for damages for the abandonment of the well and applied for a receiver to take charge of the personal property and equipment taken from said lease, as well as some personal property taken by Whitson Company from the Nabours lease.

Appellees alleged that the Nabours well is producing oil in paying quantities and can be expected to so produce for many years but that defendants now "threaten and boast that they will pull the casing from said Nabours well, and as plaintiffs have now been informed, are now attempting to do so, and to do so would destroy the said well and would deprive plaintiffs of their interests and rights therein, * * * that the intentions and threats and boasts of said defendants constitute a threatened irreparable injury to the leasehold estate for which the plaintiffs have no adequate remedy by the law to prevent."

After due notice and hearing, the trial court appointed a receiver to take charge of all the personal property and equipment involved and directed the receiver to operate the Nabours well.

Appellants' first point is to the effect that pleas in abatement filed by appellants should have been sustained because some parties owning overriding royalty interest were not made parties to the suit. The particular interest owned by other parties is not disclosed by the record.

██ We overrule the point. A receiver is not appointed for the benefit of the applicant, but to receive and preserve the property for the benefit of all parties interested therein. "Mere defect of parties will not prevent the court from entering an order appointing a receiver at a preliminary stage of the suit when justice requires it." 75 C.J.S., Receivers, § 41, p. 700. The trial judge will determine at the time the case is tried on its merits whether all necessary parties have been joined.

The appellants contend the court erred in appointing a receiver for the Nabours well, since there was no evidence of mismanagement nor that the property was in danger of being lost, removed or materially injured, and no equitable ground authorizing such order was either pleaded or proven.

· The order of the trial court included findings that "(1) plaintiffs, Bluff Creek Oil Company, and defendant, Whitson Company, Inc., each have a probable right to and interest in the Nabours lease and all of the personal property and equipment hereinafter described and referred to; (2) that the Nabours lease and the personal property and equipment hereinafter described and referred to is in danger of being lost, removed and materially injured; and (3) that portions of said personal property have already been moved by the defendant, Whitson Company, Inc., and are being used by said defendant on property other than that in which said plaintiff and said defendant are jointly interested, without consent of plaintiffs."

A diligent search of the record reveals no evidence to support the finding that the Nabours lease is in danger of being lost, removed or materially injured. The well, as shown by uncontradicted testimony, is being operated with profit by Whitson Company. Both the President of Whitson Company and his Superintendent denied making any threats to abandon said well or having intention of abandoning same. We find no evidence to the contrary.

██ The instant suit is one of those named in subdivision 1 of Article 2293, R.C.S., being a suit between persons jointly owning or interested in property. The court may appoint a receiver when two conditions exist: (1) The plaintiff or other party must be shown to have a probable right to or interest in the property or fund; (2) it must be shown that the property or fund is in danger of being lost, removed or materially injured. Anderson and Kerr Drilling Company v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 127 A.L.R. 1217. We think the first condition existed, but we find, and so hold, that the second condition, that is, that the Nabours lease is in danger of being lost, removed or materially injured, was not shown by any evidence. The proof must authorize the finding of the court that there presently exists actual danger of the property being lost, destroyed or materially injured before the court is authorized under subdivision 1 to appoint a receiver. Massad v. Wilson, Tex.Civ.App., 83 S.W.2d 806; Turnbow v. Bishop, Tex.Civ.App., 71 S.W.2d 918; Richardson v. McCloskey, Tex.Civ.App., 228 S.W. 323.

The appellees contend that the appointment was authorized under subdivision 4 "by the usages of the court of equity." Whether the application for the appointment of a receiver is based upon statute, or the usages of equity, an appointment is only justified when it is necessary to preserve the subject matter of the litigation during the pendency of the suit. Joy v. Joy, Tex.Civ.App., 153 S.W.2d 180, writ dis. Under the usages of equity a receiver should not be appointed without the necessity therefor being shown by legal evidence. Zanes v. Lyons, Tex.Civ.App., 36 S.W.2d 544; Gilmer v. Ferguson, Tex. Civ.App., 148 S.W.2d 984.

We reverse that part of the trial court's order wherein the Nabours lease was placed in the hands of a receiver, and here render judgment that possession and control of the Nabours lease, together with the personal property and equipment now being necessarily used in its operation, be restored to the Whitson Company.

Included in the property turned over to the receiver was a pump unit which had been used on the Fenoglio well. Appellee Bluff Creek Oil Company was operating the Fenoglio well when it "went to water." Bluff turned operation over to Whitson Company, who found it necessary to use pumping equipment. Whitson Company procured a pump from O. W. R. Oil Company on a rental basis after Bluff had refused to contribute to the purchase price of a pump. After the Fenoglio well was abandoned, the pump was removed to a lease owned by Whitson Company. The pump was sold to Whitson Company after its removal. We fail to see how appellees acquired any probable title or interest in the pump. The order of the court giving possession of the pump to the receiver is hereby reversed and judgment rendered restoring possession of same to Whitson Company.

Appellants contend it was error to appoint a receiver for any of the property because an injunction would have protected appellees.

The Supreme Court, in Anderson and Kerr Drilling Company v. Bruhlmey-er, supra [134 Tex. 574, 136 S.W.2d 806], held that when the conditions of subdivision 1 have been met "There is no additional condition or requirement * * *. We think it clearly appears from the terms of Article 2293 that, when appointment of a receiver is sought in the character of suit specified and on the grounds stated in Subdivision 1 of that article, 'allegations and proof of insolvency of defendant, inadequacy of legal remedy, or other equitable grounds, are not necessary.' "

Under the above holding, receivership was proper as to the personal property and equipment even if injunction were sufficient protection. We are of the opinion, however, that the evidence shows that an injunction would not have protected the property fully. We overrule the point of error.

The remaining points contend that appellees showed no interest in the personal property and equipment. The statement of facts containing the evidence introduced at the hearing on the application for receivership comprises 316 pages. We will not attempt to set out the testimony. It is sufficient to uphold the trial court's findings that "each has a probable right and interest in * * * all of the personal property and equipment" and "the personal property and equipment * * * is in danger of being lost, removed and materially injured" and "that portions of said personal property have already been moved by * * * Whitson Company."

Appellees claimed that under the agreements with Whitson Company said Company acquired only a specified interest in the proceeds of the oil, gas and other minerals when produced; in other words, that only a working interest was conveyed; that when the equipment was paid for it was to belong to Bluff and Whitson jointly; that Bluff owned a one-half interest in the personal property and equipment. On the other hand, Whitson Company took the position it owned all said property until it should recover its investment, or until appellees paid one-half of the amount outstanding.

The uncontradicted evidence shows that all the personal property and equipment have been removed by Whitson Company from the Fenoglio well, without appellees' consent, and some of it is being used by Whitson Company on its own leases in which appellees have no interest. Whitson Company denies that appellees have any interest or claim to any of the personal property or equipment. It has also removed some personal property from the Nabours lease, and denies that appellees own any interest in said property.

Subdivision 1 does not not require an absolute right or interest to be shown before a receiver can be appointed. It is sufficient if the interest is probable, subject of course to the condition that the property must be in danger of being lost, destroyed or materially injured. Richardson v. McCloskey, supra.

It is our opinion that the evidence brought the case, as to the personal property and equipment, within the provisions of subdivision 1, Article 2293, R.C.S., and authorized the trial court to appoint a receiver to hold custody of said property pending a final determination of the controversy between the parties.

The trial court's judgment is affirmed in part and in part is reversed and rendered.