Thomas J. HOLLIS et al., Appellants,

v.

M. H. BOONE et al., Appellees.

No. 4945.

Court of Civil Appeals of Texas.

El Paso.

May 6, 1953.

Rehearing Denied June 3, 1953.

Ken G. Spencer, Crane, Stephen F. Preslar, McCamey, for appellants.

Billy R. Snow, Big Lake, for appellees.

PRICE, Chief Justice.

This is an appeal from two orders of the County Court of Reagan County, Texas. The plaintiff in the cause was M. H. Boone, hereinafter so designated, the defendants, Thomas J. Hollis and the Well Servicing Company of Crane, a corporation. Crane Well Servicing Company was also named as a defendant but Crane Well Servicing Company was not a legal personality, but simply the trade name under which defendant Thomas J. Hollis conducted his business. It was an action to recover for labor, goods, wares and merchandise furnished to defendant Thomas J. Hollis. Defendant Thomas J. Hollis and defendant Well Servicing Company of Crane each filed separate pleas of privilege. To each plea of privilege the plaintiff filed his controverting affidavit. The court overruled each plea of privilege by separate order. In each order the defendant did not except thereto but gave notice of appeal. No Appeal Bond was filed. The election was to proceed under that part of Rule 354, Texas Rules of Civil Procedure which provides in part as follows:

> "or in lieu of a bond, appellant may deposit with the clerk cash equal to the estimated costs, less such sums as have been paid to the clerk by appellant on the costs, and in that event the clerk shall file among the papers his certificate showing that the deposit has been made and copy [of] same in the transcript, and this shall have the force and effect of an appeal bond."

The copy of the Clerk's certificate appearing in the transcript is as follows, omitting the caption and authentication, which are in due form:

> "I, H. L. Puckett, Clerk of the County Court of Reagan County, Texas, do hereby certify that Thomas J. Hollis, et al, Defendant in the above styled and numbered cause, posted a Cash Appeal Bond of $50.00 in my office on February 2, 1953."

Now the term "et al." according to a citation found in Black's Law Dictionary, is an abbreviation for "et alia", translated "and others". However, we are disposed to give the certificate a liberal construction and that by the term "et al." was meant Well Servicing Company of Crane, otherwise there would be no appeal perfected from the order

denying the plea of privilege for the Well Servicing Company of Crane.

█ Another matter arises in connection with this appeal. Appellants move to strike what is denominated "Supplemental Statement of Facts filed by the County Judge." We have examined the supplemental statement of facts filed by the trial judge and cannot see where in any way it conflicts with the statement of facts filed herein by appellants. In the agreed statement of facts filed herein by appellants there is this statement:

"Based upon the same evidence that was introduced at the hearing of the plea of privilege of defendants, Well Servicing Company of Crane, the Honorable Judge Hudson overruled the plea of privilege of defendant Thomas J. Hollis."

Now when we look at the agreed statement of facts there is much that is irrelevant to the plea of the Well Servicing Company, but is in a measure relevant as to the matter between Thomas J. Hollis and the plaintiff. It is not pointed out whether there was any objection made to the court considering the evidence introduced in the trial of the plea of privilege of the Well Servicing Company being considered as introduced in the trial of the plea of privilege of defendant Hollis. The judgment overruling the plea of privilege of Hollis recites that evidence was heard before overruling the plea of privilege and that appellant participated in the hearing and when the judgment was announced gave notice of appeal. As to the matter of this motion it is ordered that same be dismissed. If the supplemental statement of facts be stricken and the agreed statement does not relate to the order as applied to Hollis, then the appellant has no statement of facts as to the Hollis appeal. The order overruling the Hollis plea recites that evidence was heard, and this is the controlling part of the record.

The matter of the rulings on the two pleas of privilege are briefed separately. As to the overruling of the plea of privilege of the Well Servicing Company of Crane, appellant urges two points. First:

"The trial court erred in sustaining venue under Subdivision 23 of Article 1995, Revised Statutes of 1925 when there was insufficient evidence to support such ruling."

The second point:

"The trial court erred in sustaining venue under Subdivision 23 of Article 1995, Revised Statutes of 1925, because there was no support for same in the pleadings."

Plaintiff in his petition pled as to the Well Servicing Company that the

"defendant, Well Servicing Company is a Texas corporation, duly incorporated and doing business under and by virtue of the laws of the State of Texas, with its domicile and principal place of business in Crane County, Texas, and service may be had upon said corporation by serving William Clayton, President, P. O. Box 381, Crane, Texas."

The defendant corporation's plea of privilege was in statutory form, denying that it had a place of business in Reagan County, Texas; its domicile and principal place of business was Crane County. Plaintiff's controverting plea set forth his petition and verifies all facts therein stated. Paragraph 3 thereof is as follows:

"Such allegations show and aver and is a fact that defendant Well Servicing Company of Crane was and still is within the meaning of Section No. 23 to Article 1995 of Vernon's Revised Civil Statutes, Annotated, of 1925, a duly incorporated corporation doing business under and by virtue of the laws of the State of Texas, and this court has proper venue as shown

in plaintiff's original petition hereinabove set forth."

Section 23 of Article 1995, Vernon's Annotated Statutes, so far as applicable herein, provides as follows:

"Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county."

Plaintiff's petition alleged that the principal place and domicile of the defendant Well Servicing Company was in Crane County. This allegation does not show that the plaintiff is entitled to maintain venue against it in Reagan County, in fact plaintiff's original petition fails to allege the faintest suspicion of a cause of action against this defendant, and we look to the controverting affidavit and it still asserts that the domicile and principal place of business of defendant is in Crane County. This being true, venue can not be maintained on the ground that suit is brought where its principal office is situated. The second clause of Section 23, Art. 1995, is:

"In the county in which the cause of action or part thereof arose."

■ There was no cause of action averred against the Well Servicing Company. The evidence shows none. In the statement of facts as an exhibit there is a letter from the defendant Well Servicing Company, dated May 2, 1950, in which they advised the Boone Motor Company that they had bought the properties of Thomas J. Hollis, and the transfer would be subject to all secured and unsecured indebtedness due and owing by Mr. Hollis. The letter purported to be a compliance with the Bulk Sales Law, and

cannot be construed into an assumption of indebtedness.

■ Under the provisions of Texas Rule of Civil Procedure No. 86 a plea of privilege being filed the burden is on the plaintiff to establish the venue facts.

■ There is a further exhibit—a letter addressed to plaintiff from Hill & Paddock, a firm of attorneys in Fort Worth, stating that the Continental National Bank had authorized them to purchase the account on the basis of 25¢ on the dollar, that is, the account pending against Hollis. This in no way tends to establish any liability on the part of this defendant.

Now there is no evidence that any part of the cause of action claimed against the Well Servicing Company arose in Reagan County. One clause of Section 23 is as follows:

"or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county."

Now plaintiff, at all relevant times resided in Reagan County. It does not appear from the evidence that defendant had any agent in Reagan County at the time the claimed cause of action arose.

■ Under the evidence, the only intimation of liability on the part of defendant corporation is that it bought the assets of defendant Hollis. Under the Bulk Sales Law, Vernon's Ann. Statutes, Art. 4001, it might be liable to an extent to the creditors of Hollis. This would not be a personal liability. Supervend Corporation v. Jones, Tex.Civ.App., 235 S.W.2d 707.

■ Some small payments were made to plaintiff by the corporation defendant. Such payments were consistent with the purchase of the assets of Hollis, subject to the liabilities of Hollis. There is no evidence in the record sustaining the ruling of

the court in overruling the plea of privilege of the Well Servicing Company of Crane.

█ In regard to the order overruling the plea of privilege of Hollis, plaintiff in his controverting affidavit invokes Section 5 of Art. 1995, V.A.C.S., and in the alternative, Section 23. As to Section 23 of course defendant Hollis was not a corporation or an association within the meaning of said Section. Bubble Up Bottling Co. v. Lewis, Tex.Civ.App., 163 S.W.2d 875.

█ Under Section 5 of such Article there must be a promise in writing to perform in Reagan County to sustain the venue in that county. Payment is the legal duty sought to be enforced by plaintiff. The work orders cannot fairly be said to evidence a promise by Hollis to pay in Reagan County. The written acknowledgment of Hollis and obligation to plaintiff in the amount of $554.69 is not sued on here. If it were there is lacking therein a promise to pay the obligation in Reagan County. There is an utter lack of evidence sustaining the court's ruling sustaining venue under Section 5. McKinney v. Moon, Tex. Civ.App., 173 S.W.2d 217; Ammann v. Daniel Oil Co., Tex.Civ.App., 220 S.W.2d 181; Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120.

█ It is ordered that the court's order overruling the plea of privilege of the Well Servicing Company of Crane be reversed and the cause remanded to the County Court of Reagan County with directions to change venue as to said defendant to the County Court of Crane County, Texas. Attention is called to Rule 89, R.C.P., and in making the change the trial court will observe same.

In regard to the order overruling the plea of privilege of defendant Thomas J. Hollis it is ordered that the order of the trial court be in all things reversed, and the court will enter an order changing the venue as to said defendant Hollis to Midland County, Texas, in consummating same, as aforesaid, observing Rule 89, R.C.P.