**Jack O. F. GUNTHER, Appellant,**

v.

**James W. DORFF, Independent Executor, Appellee.**

**No. 3388.**

Court of Civil Appeals of Texas.

Waco.

Nov. 22, 1956.

Rehearing Denied Dec. 20, 1956.

Louis Wilson, J. Lee Zumwalt, Dallas, for appellant.

McKool & Bader, Dallas, for appellee.

### McDONALD, Chief Justice.

This is an appeal from an interlocutory order appointing a receiver of properties allegedly owned by the parties. Parties will be referred to as in the Trial Court. The main suit of which the instant appeal is ancillary is a suit for partition, brought by plaintiff (independent executor of the estate of Mrs. Daisy Gunther) against defendant Jack Gunther. At the time of Mrs. Gunther's death she was the wife of defendant. They owned a community estate consisting in the main of some nine rent houses, two automobiles and household furnishings. The record reflects that Mr. and Mrs. Gunther were married in 1918; that she had five children by a previous marriage; that she and defendant commenced a series of divorce proceedings in 1951 but were never divorced; that they acquired community property alleged to be worth

some $80,000; that Mrs. Gunther died in 1955; that plaintiff as the independent executor brought this suit for partition of the estate; alleged that defendant would usurp, destroy and defraud plaintiff of his right in the income and rents of the estate and that plaintiff does not have an adequate remedy at law and will suffer irreparable injury if a receiver be not appointed. After hearing, the Trial Court appointed a receiver. Defendant superseded the judgment and appeals on many grounds, summarized as follows: 1) Defendant was entitled to have a jury trial on plaintiff's application for receivership. 2) Deceased had received some $8,000 in alimony, and defendant had paid her last illness and funeral bills of some $3,500, which amounts will have to be accounted for, and provide ample protection to plaintiff. 3) There was insufficient evidence that the property or funds were in danger of being lost, removed or materially injured. 4) Filing of a lis pendens would prevent the sale of any property by the defendant. 5) The Trial Court abused its discretion in appointing a receiver as the facts do not justify such appointment or show necessity therefor.

Defendant's first contention is that he was entitled to a jury trial on the plaintiff's application for receivership. The appointment of a receiver is a matter resting largely and primarily in the discretion *of the judge of the court to whom the application is addressed.* Defendant is not entitled to a jury trial in such instance. See 36 Tex.Jur. p. 84–85; Article 2293, R.C.S.

Defendant's other contentions all involve whether or not, under the facts in the instant case, the Trial Judge abused his discretion in appointing a receiver.

Article 2293, R.C.S., authorizes the appointment of a receiver in an action between persons jointly interested in property if: 1) the plaintiff's interest in the property is probable, and 2) *"where it is shown that the property or fund is in dan-*

*ger of being lost, removed or materially injured."*

■ Under the foregoing Article the proof must authorize the finding of the Trial Court that there presently exists actual danger of the property being lost, destroyed or materially injured before the Trial Court can appoint a receiver. Whitson Co. v. Bluff Creek Oil Co., Tex.Civ. App., 256 S.W.2d 1012; Massad v. Wilson, Tex.Civ.App., 83 S.W.2d 806; Turnbow v. Bishop, Tex.Civ.App., 71 S.W.2d 918; Richardson v. McCloskey, Tex.Civ.App., 228 S.W. 323.

■ Receivership is one of the harshest remedies known to the law, and should never be awarded where adequate legal or less onerous equitable remedy is available. Joy v. Joy, Tex.Civ.App., 153 S.W.2d 180; Shell Petroleum Corp. v. State, Tex. Civ.App., 86 S.W.2d 245.

■ Further, a receivership is not authorized upon a showing of misappropriation of rents where the property is great enough to assure joint owners of adequate protection; nor is receivership authorized merely because the possessor might convey to an innocent purchaser since filing of a lis pendens obviates this injury. Haywood v. Scarborough, 41 Tex.Civ.App. 443, 92 S.W. 815; Gilmer v. Ferguson, Tex.Civ. App., 148 S.W.2d 984.

■ The drastic remedy of receivership should never be applied unless some serious injury to the applicant is threatened. Texas Consol. Oils v. Hartwell, Tex.Civ.App., 240 S.W.2d 324 (Mand. overruled).

■ With the foregoing principles in mind, we have carefully reviewed the record in the case at bar and conclude that the evidence is wholly insufficient to establish that the property involved is in danger of being lost, removed, or materially injured. Moreover, the estate is estimated to be worth some $80,000, which in itself provides adequate protection for applicant. The filing of a lis pendens would prevent defendant from selling any of the property to an innocent purchaser. See also Supervend Corp. v. Jones, Tex.Civ.App., 235 S.W.2d 707; Wadsworth v. Cole, Tex. Civ.App., 265 S.W.2d 628.

The order of the Trial Court appointing a receiver is set aside and the receivership vacated.

HALE, J., not participating.