TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00714-CV







Akin, Gump, Strauss, Hauer and Feld, L.L.P., Appellant


v.


E-Court, Inc. d/b/a PointofPay.Com, Inc., by and through, C. Daniel Roberts,

Receiver and Henry L. Mitchell, III, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. GN001971, HONORABLE DARLENE BYRNE, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 In this case, we must decide whether the district court abused its discretion in denying
the motions of appellant law firm, Akin, Gump, Strauss, Hauer & Feld, L.L.P. ("Akin Gump"), to
terminate the receivership of appellee, E-Court, Inc., d/b/a PointofPay.Com, Inc. ("E-Court"), and
to set aside an agreement that E-Court's receiver entered into with other plaintiffs to jointly
prosecute a lawsuit against Akin Gump and others. In the first of two issues, Akin Gump contends
that the district court abused its discretion in denying the motion to terminate E-Court's receivership
because the receivership is no longer necessary; bankruptcy is the more appropriate venue for
liquidation of a corporation; and the receiver has a conflict of interest in representing the interests
of both the corporation and individual investors in the lawsuit against Akin Gump and others.


 In its second issue, Akin Gump contends that the district court abused its discretion
in denying the motion to set aside the joint representation agreement or declare it unenforceable as
against public policy. Its grounds for this issue are that the receiver entered into the joint
representation agreement without court authority and that the joint representation agreement creates
a conflict of interest by incorporating individual investors' interests into the receivership. Because
we find that the district court did not abuse its discretion in denying Akin Gump's motions, we
affirm the orders of the district court.


FACTUAL AND PROCEDURAL BACKGROUND

 Although the actions underlying this appeal involve lengthy and complex litigation,
the issues before us are narrow and our role is limited. We will begin with a discussion of the factual
and procedural background relevant to this appeal.

 In the late 1990s, Akin Gump represented E-Court and its founder, James Chadwick,
in various business matters. In 1999, Chadwick incorporated E-Court, which planned to provide an
Internet service for municipalities to accept online payments of traffic fines. E-Court, assisted by
Akin Gump, raised capital through private stock offerings to investors, including appellee, Henry
Mitchell, who was a partner with Chadwick in another company. One group of investors, including
Mitchell, lived in the Austin-San Antonio area; another group of investors lived in South Texas.

 In mid-2000, Mitchell brought suit in Travis County against Chadwick and several of
his companies, alleging that Chadwick misappropriated company assets for personal use. Included
in the petition was a request for injunctive relief and appointment of a receiver over the companies
because "there is an immediate threat that assets will continue to be dissipated by Defendants." Other
E-Court investors in the Austin-San Antonio area intervened soon afterward as a putative class. (1) The
district court granted the temporary injunction and appointed Daniel Roberts as examiner of the
companies, pursuant to chapter 64 of the civil practice and remedies code, with duties to include
preserving the companies' assets. See Tex. Civ. Prac. & Rem. Code Ann. §§ 64.001-.108 (West 1997
& Supp. 2003).

 A few months later, the district court granted Mitchell's emergency motion to convert
Roberts's status from examiner to receiver, on the grounds that E-Court had no board of directors to
make decisions and was "facing imminent self-destruction and loss of value." Roberts then filed a
motion to retain legal counsel to examine and, if necessary, pursue potential legal action on behalf
of E-Court and its investors.

 In February 2001, the attorneys for E-Court's receiver and the South Texas investors
entered into an agreement to prosecute claims jointly against Akin Gump and certain members of E-Court's board of directors. Under this agreement, any recovery was to be distributed through the
receivership. The parties then filed suit in Hidalgo County against Akin Gump, Chadwick and certain
of his companies, and certain members of E-Court's board of directors (hereinafter, "investors'
lawsuit"). The petition alleged, inter alia, that Akin Gump engaged in legal malpractice and breached
its fiduciary duty to E-Court by failing to disclose a conflict of interest in representing both Chadwick
and E-Court. The petition further alleged that several of the defendants engaged in fraudulent
conduct, including a failure to disclose to prospective investors that Chadwick had been convicted
of four felonies.

 After one defendant filed for bankruptcy in May 2001, another defendant removed the
investors' lawsuit to bankruptcy court. The plaintiffs nonsuited the defendant in bankruptcy, then the
federal district court remanded the case to state court. The parties meanwhile engaged in discovery
and prepared for a trial setting on September 9, 2002. Chadwick filed for bankruptcy in the summer
of 2002, and some of the defendants again removed the case to bankruptcy court. On August 28,
2002, the bankruptcy judge recommended to the federal district court that the case be again remanded
to state court because "this case involves numerous non-debtor plaintiffs and defendants and should
be tried as a whole in State Court." He further opined that, in light of plaintiffs' pending dismissal
of Chadwick, "the only remaining issues in the case are state issues of malpractice." He concluded
that with trial pending and discovery nearly complete, involving the federal court "would be a
dramatically uneconomic use of judicial resources."

 Also in the summer of 2002, the parties in the investors' lawsuit proceeded to
mediation, where the plaintiffs produced the joint representation agreement to defendants. After an
unsuccessful mediation, on September 23, 2002, Akin Gump filed a petition for intervention in the
Travis County lawsuit, seeking to terminate the receivership on the grounds that there no longer
existed any threat that E-Court's property was in danger of being lost, removed, or materially injured,
and that bankruptcy court was the "less harsh" venue for liquidation of a corporation. Akin Gump
also moved to set aside the joint representation agreement or declare it unenforceable as a matter of
law.

 In early October 2002, the Travis County district court held a hearing on various
motions by Akin Gump and the receiver. In two orders, the district court denied Akin Gump's motion
to terminate the receivership and to set aside the joint representation agreement or declare it
unenforceable. In two issues, Akin Gump contends that the district court abused its discretion in
denying these motions.

 The current procedural posture is that the investors' lawsuit is pending in bankruptcy
court, with a recommendation by the bankruptcy judge that the case be remanded to state court for
trial. Although the Travis County case, from which this appeal arises, is also pending, the parties
agree that we have jurisdiction to hear this appeal. Generally, orders that "resolve discrete issues in
connection with any receivership are appealable." Huston v. FDIC, 800 S.W.2d 845, 847 (Tex. 1990)
(op. on reh'g); see Bergeron v. Session, 554 S.W.2d 771, 773-75 (Tex. Civ. App.--Dallas 1977, no
writ) (receivership analogous to probate proceedings in having multiple appealable orders). 
Specifically concerning the motion to terminate, an order refusing to terminate a receivership in a
proceeding brought for that purpose is appealable as a final order. Christie v. Lowrey, 589 S.W.2d
870, 874 (Tex. Civ. App.--Dallas 1979, no writ).


STANDARD OF REVIEW

 The parties agree that we review a trial court's decision whether to terminate a
receivership under an abuse of discretion standard. Gilles v. Yarbrough, 224 S.W.2d 720, 722 (Tex.
Civ. App.--Fort Worth 1949, no writ) ("[t]he duration of a receivership and its termination is within
the sound judicial discretion of the court in which the suit is pending"); see Mallou v. Payne &
Vendig, 750 S.W.2d 251, 254-55 (Tex. App.--Dallas 1988, writ denied). We employ the same
standard of review for a trial court's decision whether to set aside an action taken by a receiver. See
B.B.M.M., Ltd. v. Texas Commerce Bank-Chem., 777 S.W.2d 193, 197 (Tex. App.--Houston [14th
Dist.] 1989, no writ); Cornelison v. First Nat'l Bank of San Angelo, 218 S.W.2d 888, 890 (Tex. Civ.
App.--Austin 1949, writ ref'd n.r.e.) (both applying abuse of discretion standard to trial court's
confirmation of receiver's sale of property).

 When reviewing matters committed to the trial court's discretion, we may not
substitute our judgment for that of the trial court. Bowie Mem'l Hosp. v. Wright, 79 S.W.3d 48, 52
(Tex. 2002). We may reverse a trial court under this standard only when we find that "the court acted
in an unreasonable or arbitrary manner," Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991), or "without regard for any guiding rules or principles." Owens-Corning Fiberglas Corp. v.
Malone, 972 S.W.2d 35, 43 (Tex. 1998) (quoting City of Brownsville v. Alvarado, 897 S.W.2d 750,
754 (Tex. 1995)). The abuse of discretion standard of review "insulates the trial judge's reasonable
choice from appellate second guessing." W. Wendell Hall, Standards of Review in Texas, 34 St.
Mary's L.J. 1, 15 (2002).


ANALYSIS

Termination of Receivership

 In its first issue, Akin Gump contends that the district court abused its discretion in
denying its motion to terminate E-Court's receivership. Akin Gump specifically contends that the
district court had no choice but to terminate the receivership because: (1) the receivership is no longer
necessary to preserve and protect E-Court's assets, instead existing only to pursue litigation against
Akin Gump; (2) bankruptcy court is the "more proper" venue for liquidation of E-Court, providing
an adequate legal remedy which mandates the termination of the receivership; and (3) Roberts has
a conflict of interest to the extent that he represents the interests of both E-Court and individual
investors in the investors' lawsuit.

 Akin Gump contended in oral argument that this is a case of first impression because
guidance is lacking from the courts about when a receivership will be allowed to continue and what
types of claims a receiver may assert. Finding ample guidance for the issues presented, we disagree. 
Although the facts here are singular, the applicable legal principles are well-established and
straightforward.

 Receivership is an "extraordinary remedy to be used cautiously and only in
extraordinary cases; and, except where specifically authorized by statute, a receiver will not be
appointed if another remedy exists, either legal or equitable." Hunt v. Merchandise Mart, Inc., 391
S.W.2d 141, 145 (Tex. Civ. App.--Dallas 1965, writ ref'd n.r.e.). The decision to appoint a receiver
rests in the sound discretion of the trial court. See O & G Carriers, Inc. v. Smith Energy 1986-A
P'ship, 826 S.W.2d 703, 707 (Tex. App.--Houston [1st Dist.] 1992, no writ).

 Mitchell sought appointment of a receiver for E-Court "in an action by a creditor to
subject any property or fund to his claim." Tex. Civ. Prac. & Rem. Code Ann. § 64.001(a)(2) (West
Supp. 2003). As the party seeking appointment of the receiver, Mitchell was required to "have a
probable interest in or right to the property or fund, and the property or fund must be in danger of
being lost, removed, or materially injured." Id. § 64.001(b) (West Supp. 2003).

 Receivership has been termed a "harsh" remedy, and normally a court will not appoint
a receiver if another adequate remedy at law or equity exists. See Parr v. First State Bank of San
Antonio, 507 S.W.2d 579, 583 (Tex. Civ. App.--San Antonio 1974, no writ). However, when, as
here, a receiver is appointed pursuant to sections 64.001(a) and (b) of the civil practice and remedies
code, the party seeking appointment of a receiver need not show that no other adequate remedy exists. 
See Anderson & Kerr Drilling Co. v. Bruhlmeyer, 136 S.W.2d 800, 806 (Tex. 1940); Whitson Co. v.
Bluff Creek Oil Co., 256 S.W.2d 1012, 1015 (Tex. Civ. App.--Fort Worth 1953, writ dism'd) (both
construing predecessor statute with requirements similar to sections 64.001(a) and (b)).

 A receiver acts not as an agent of a creditor or any other party but instead is an "officer
of the court, the medium through which the court acts. He is a disinterested party, the representative
and protector of the interests of all persons, including creditors, shareholders and others, in the
property in receivership." Security Trust Co. of Austin v. Lipscomb County, 180 S.W.2d 151, 158
(Tex. 1944). Section 64.031 of the civil practice and remedies code sets forth the general powers and
duties of a receiver appointed pursuant to chapter 64. Tex. Civ. Prac. & Rem. Code Ann. § 64.031
(West 1997). Under this section, a receiver,"subject to the control of the court," may:



 take charge and keep possession of property;

 receive rents;

 collect and compromise demands;

 make transfers; and

 perform other acts in regard to the property as authorized by the court.



Id.

 Although usually subject to the supervision of the court, a receiver may bring suits
in his or her official capacity without court permission. Id. § 64.033 (West 1997). A receiver has
a duty to pursue a corporation's claims, including unliquidated claims and causes of action belonging
to the corporation, and "may not abandon assets because litigation is required to secure them." 
Burnett v. Chase Oil & Gas, Inc., 700 S.W.2d 737, 741 (Tex. App.--Tyler 1985, no writ)
(construing article 7.07B of the business corporation act, see Tex. Bus. Corp. Act art. 7.07B (West
2003), which sets out a receiver's powers in the case of an involuntary dissolution).

 Generally, a receiver has no greater powers than the corporation had as of the date
of the receivership. See Guardian Consumer Fin. Corp. v. Langdeau, 329 S.W.2d 926, 934 (Tex.
Civ. App.--Austin 1959, no writ). However,


 when the receiver acts to protect innocent creditors of insolvent corporations . . . the
receiver acts in a dual capacity, as a trustee for both the stockholders and the
creditors, and as trustee for the creditors he can maintain and defend actions done in
fraud of creditors even though the corporation would not be permitted to do so.



Id.; accord Shaw v. Borchers, 46 S.W.2d 967, 968-69 (Tex. Comm'n App. 1932, judgm't adopted). 
But a receiver does not have an unfettered right to represent creditors and shareholders of a
corporation. A receiver may represent creditors and shareholders only to the extent that the cause
of action seeks to preserve or recover corporate assets. Cotten v. Republic Nat'l Bank of Dallas, 395
S.W.2d 930, 941 (Tex. Civ. App.--Dallas 1965, writ ref'd n.r.e.). A shareholder induced by
fraudulent representations to buy stock in a corporation must bring a suit in his or her own name
against the party who made the representations. Id.

 We note at the outset that Akin Gump acknowledged in its brief on appeal that it "has
no criticism of the district court's initial decision to appoint a Receiver over E-Court." Akin Gump
instead argues that the district court abused its discretion in denying the motion to terminate the
receivership because of what it characterizes as the "questionable, suspicious, and egregious
circumstances surrounding the E-Court receivership and the conduct of its receiver." Akin Gump
specifically asserts that there is no longer a continuing need for the receivership; bankruptcy is a
more appropriate venue for liquidation of a corporation; and Roberts has a conflict of interest in
representing the interests of both E-Court and individual investors. Akin Gump also argues that the
district court did not sufficiently take its interests into account when determining whether to
terminate the receivership. See Hammond v. Hammond, 216 S.W.2d 630, 631 (Tex. Civ. App.--Fort
Worth 1948, no writ) (when determining whether to discharge a receiver, "the court will consider
the rights and interests of all parties concerned").

 Akin Gump first contends that an "intangible asset, such as a cause of action, is
legally insufficient to continue or maintain a receivership of a corporation which is no longer
operational and will be dissolved." E-Court counters that once a receivership is established, it
should not be terminated as long as it exists for a valid purpose. See Little Motor Kar Co. v.
Blankenship, 228 S.W. 318, 321 (Tex. Civ. App.--Dallas 1921, no writ). The valid purpose here,
E-Court contends, is pursuing E-Court's claims in the investors' lawsuit, which is an asset of the
receivership estate. We agree with E-Court. A receiver has a duty to pursue a corporation's claims,
including unliquidated claims and causes of action belonging to the corporation, and "may not
abandon assets because litigation is required to secure them." Burnett, 700 S.W.2d at 741. The civil
practice and remedies code expressly contemplates the need for extension of a receivership in case
of litigation. See Tex. Civ. Prac. & Rem. Code Ann. § 64.072 (West 1997) (allowing extension of
a receivership past three years if "litigation prevents the court from winding up the affairs of the
corporation").

 Akin Gump then argues that if there is an adequate legal or equitable remedy other
than a receivership, a trial court must terminate the receivership. Akin Gump relies on Parr, in
which the trial court granted a bank's request for a receivership because the bank had a security
interest in property involved in a divorce action. 507 S.W.2d at 580. On appeal, the court
determined that the grant of the receivership was improper because the bank's adequate legal remedy
to protect its security interest was to intervene in the divorce proceedings. Id. at 583. Here, when
a receiver is appointed pursuant to a statute, the party seeking appointment of a receiver need not
show that no other adequate remedy at law exists. See Anderson & Kerr Drilling Co., 136 S.W.2d
at 806. It necessarily follows that if a receiver is appointed pursuant to a statute, the trial court need
not terminate the receivership simply because another adequate remedy at law exists.

 Akin Gump further contends that the district court was obligated to terminate the
receivership because bankruptcy is a "more appropriate," "less harsh," and "better designed" way
to liquidate E-Court and because federal courts view receivership as an "improper vehicle" for
liquidation. Akin Gump relies on federal law for this proposition because "no Texas court has
addressed the propriety of continuing an equitable receivership to liquidate an insolvent
corporation."

 Upon our review of federal law, we find that federal appellate courts uniformly rest
a decision to terminate a receivership in the sound discretion of the trial court. SEC v. An-Car Oil
Co., 604 F.2d 114, 119 (1st Cir. 1979) ("The district court possesses a broad range of discretion in
deciding whether or not to terminate an equity receivership and our review is limited to determining
whether that discretion has been abused."); see also SEC v. American Bd. of Trade, Inc., 830 F.2d
431, 437-38 (2d Cir. 1987) (although bankruptcy court was more proper forum for liquidation of
corporation, court held that because liquidation through receivership was well underway, it would
not be in the interests of the parties for proceedings to "'be diverted into bankruptcy channels'")
(citing Esbitt v. Dutch-Amer. Mercantile Corp., 335 F.2d 141, 143 (2d Cir. 1964)).

 "At its core, [a judge's] discretion means choice." Hall, supra, at 14 (citing Maurice
Rosenberg, Appellate Review of Trial Court Discretion, 79 F.R.D. 173, 175 (1975)). Given that
"bankruptcy proceedings are preferred to liquidation of a corporation" through a receivership, An-Car Oil Co., 604 F.2d at 119 (emphasis added), it stands to reason that a trial court does not abuse
its discretion if it chooses to maintain a receivership instead of pursuing the "preferred" vehicle for
liquidation. Additionally, because the rules of equity govern the powers of a court regarding a
receiver, Tex. Civ. Prac. & Rem. Code Ann. § 64.004 (West 1997), the trial court may take equitable
considerations into account in deciding whether to terminate a receivership.

 Here, the district court took such considerations into account when inquiring at the
hearing about why proceeding to bankruptcy would be "less harsh" than continuing the receivership. 
We also find persuasive the bankruptcy judge's recommendation to remand the investors' lawsuit
to state court because proceeding in bankruptcy court on the eve of trial "would be a dramatically
uneconomic use of judicial resources." (2)

 Akin Gump's last contention in its first issue is that the district court abused its
discretion in denying the motion to terminate the receivership because Roberts as receiver "cannot
properly represent the individual interests of E-Court shareholders and the corporation without
blatant conflicts of interest." Akin Gump asserts that the receiver's pursuit of claims for Texas
Securities Act violations "on behalf of those innocent investors who are not parties" to the investors'
lawsuit is improper. E-Court responds that the receiver is not pursuing individual claims, instead
only preserving claims of unnamed innocent investors who will be entitled to receive a share of any
recovery of corporate assets. It emphasizes that the "only claims being pursued by the Receiver are
those owned by the corporation." E-Court also stated in a post-oral argument letter brief that it
intends to dismiss the receiver's claims on behalf of individual investors.

 Whatever the status of the receiver's claims on behalf of "innocent investors," the law
is clear that a receiver may represent creditors and shareholders only to the extent that the cause of
action seeks to preserve or recover corporate assets, not individual assets. Cotten, 395 S.W.2d at
941. In other words, as the district court queried counsel for Akin Gump, a receiver "is authorized
. . . to bring claims on behalf of the corporation that might eventually affect the investors somewhere
down the road, is he not?" Although the receiver may bring such a suit without court approval, see
Tex. Civ. Prac. & Rem. Code Ann. § 64.033, the trial court must approve the distribution of any
proceeds of the suit. See id. § 64.031. Accordingly, being mindful of the safeguards that court
supervision of receiverships provide, we conclude that Roberts does not have a conflict of interest
in representing the claims of both E-Court and unnamed innocent investors in the investors' lawsuit,
but only to the extent that the individual investors' claims are for the recovery of E-Court's assets. 
Cotten, 395 S.W.2d at 941.

 Having determined that the receivership exists for a valid purpose, namely the pursuit
of E-Court's claims in the investors' lawsuit, see Little Motor Kar, 228 S.W. at 321, that the district
court was not required to terminate the receivership in favor of bankruptcy proceedings, and that
Roberts as receiver does not have a conflict of interest in representing both E-Court and the recovery
of E-Court's assets on behalf of innocent investors, we hold that the district court did not abuse its
discretion in denying Akin Gump's motion to terminate the receivership. We also find that the
district court took into account the "rights and interests of all parties concerned," giving Akin Gump
a full hearing on its motion to terminate. See Hammond, 216 S.W.2d at 631. We therefore overrule
Akin Gump's first issue.


Joint Representation Agreement

 In its second issue, Akin Gump contends that the district court abused its discretion
in denying its motion to set aside the joint representation agreement or declare it unenforceable as
a matter of law. It argues that the receiver improperly entered into the joint representation agreement
without court authority, has a conflict of interest by incorporating individual investors' interests into
the receivership, and breached his fiduciary duty to shareholders by entering into an agreement that
deprives the South Texas investors of their rights to individual claims. E-Court counters that the
receiver's authority to enter into the joint representation agreement arises from his authority to
pursue litigation on behalf of the receivership estate without court approval. See Tex. Civ. Prac. &
Rem. Code Ann. § 64.033. E-Court further argues that the receiver's joint pursuit of claims with the
South Texas investors is in the best interests of all parties who stand to benefit from a recovery in
the investors' lawsuit.

 We begin by rejecting Akin Gump's argument that the receiver has breached his
fiduciary duty to shareholders. It failed to raise this contention below, either in its petition for
intervention, its motion to set aside the joint representation agreement, or at the hearing on the
parties' motions. Akin Gump has not preserved this argument for our review. See Tex. R. App. P.
33.1(a).

 Soon after being appointed receiver, Roberts sought court approval to hire the law
firm of Watson, Bishop, London & Galow, P.C. (now Watson, Bishop, London & Brophy, P.C.) to
"pursue the various avenues of relief available to [E-Court] and its investors." (3) The receiver's
motion to retain counsel informed the court that he was retaining the law firm on a forty percent
contingency fee. In February 2001, the receiver's counsel entered into an agreement with lawyers
representing the South Texas investors to prosecute a lawsuit in Hidalgo County. The agreement
stated: "We will jointly prosecute the case on behalf of each of our clients. We only represent the
Receiver. You will only represent your clients. However, our clients will share in any recovery,
whether by settlement or judgment, by distribution through the Receiver." Concerning distribution
of any proceeds, the agreement further stated that "[a]ny funds received would have to be subject to
the priorities set forth in the Texas Civil Practice and Remedies Code and other Texas law dealing
with receiverships." The attorneys would "together seek approval from the court of 40% of the total
recovery for attorney's fees."

 Although Akin Gump argued at the hearing below that the receiver, by entering into
this agreement, has disposed of E-Court's property without court approval, we find no such violation
of receivership law. The receiver has the authority to "bring suits in his official capacity without
permission of the appointing court," Tex. Civ. Prac. & Rem. Code Ann. § 64.033, and under this
authority had the power to pursue the investors' lawsuit. To the extent that the joint representation
agreement might enlarge the receiver's powers, receivership law specifies that the district court will
provide ample safeguards. At the hearing on the parties' motions, the district court stated that the
receiver would violate receivership law if he distributed proceeds without court approval but doubted
whether the joint representation agreement alone presented any violation. The agreement states that
the proceeds will be distributed through the receiver, requiring court approval. Further, the
agreement expressly provides that the parties will seek court approval of attorney's fees.

 Concerning the issue of whether the joint representation agreement creates a conflict
of interest for the receiver, we reiterate that a receiver may represent creditors and shareholders only
to the extent that the cause of action seeks to preserve or recover corporate assets. Cotten, 395
S.W.2d at 941. Here, the agreement clearly states that the South Texas law firms who entered the
agreement, not the receiver, represent the South Texas investors. The court's approval of the
distribution of the proceeds will ensure that the distribution comports with receivership law. 
Although Akin Gump argues that the agreement prohibits an individual investor from settling, to the
contrary, the agreement anticipates the possibility of individual settlements: "[i]f any of our clients
settle, we will split the attorney's fees 50-50 and jointly continue to prosecute the remainder of our
client's [sic] claims."

 Mindful of the safeguards provided by court supervision of receiverships, we
conclude that the receiver did not improperly enter into the joint representation agreement, nor does
the agreement create a conflict of interest. Accordingly, we hold that the district court did not abuse
its discretion when it denied Akin Gump's motion to set aside the joint representation agreement or
declare it unenforceable as a matter of law. We overrule Akin Gump's second issue.


CONCLUSION

 "The duration of a receivership and its termination is within the sound judicial
discretion of the court in which the suit is pending." Gilles, 224 S.W.2d at 722. We could imagine
a scenario in which the continuation of a receivership constitutes an abuse, but we have not been
cited to any instance of abuse here. The record demonstrates that the receivership exists for a valid
purpose of preserving E-Court's assets through litigation. See Little Motor Kar, 228 S.W. at 321. 

 The district court conducted a full hearing on the issues and made careful findings
concerning both the continuation of the receivership and the agreement that the receiver entered into
with other plaintiffs to pursue claims against Akin Gump and others. Moreover, because the
receiver's powers are "subject to the control of the court," Tex. Civ. Prac. & Rem. Code Ann.
§ 64.031, ample safeguards exist to ensure that the receivership proceedings are conducted in
accordance with receivership law. Therefore, we hold that the district court did not abuse its
discretion in denying Akin Gump's motions to terminate the receivership and to set aside the joint
representation agreement or declare it unenforceable as a matter of law. We affirm the orders of the
district court.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: May 8, 2003
1. The putative class of Austin-San Antonio investors nonsuited its claims in April 2001.
2. We recognize, as counsel for Akin Gump emphasized at oral argument, that the bankruptcy
judge did not have before him the issue of whether E-Court should be liquidated through bankruptcy
instead of receivership. Nevertheless, we find his recommendation persuasive because it is directly
relevant to the issue of whether instituting bankruptcy proceedings, after lengthy receivership
proceedings in Travis County and with all but trial completed in the investors' lawsuit, would be a
waste of judicial resources.
3. The record does not contain a signed copy of the district court's order granting the
receiver's motion to retain counsel. According to the district court's docket sheet, the order was
placed in the file unsigned. Because Akin Gump does not challenge on appeal the receiver's
retention of counsel, we will assume that counsel has been properly appointed.